HAWTHORNE, Justice (dissenting).
I cannot subscribe to the holding in the instant case that, if the use of motor vehicles for the transportation of laborers is a necessary incident to the business of farming, the injured employee is entitled to the protection of the workmen’s compensation law even though he be employed in the agricultural end thereof.
The test in every case is the employer’s business, trade, or occupation, and the act plainly sets forth the numerous trades, businesses, and occupations to which it is applicable. In the instant case the employee was employed’as a cane cutter, and his employer was engaged in a farming or agricultural business, which is not one of the businesses named as being hazardous in the act. See Robichaux v. Realty Operators, Inc., 195 La. 70, 196 So. 23.
In my opinion the mere fact that the injured employee in the instant case was a passenger in an automobile cannot change the employer’s business from a non-hazardous to' a hazardous occupation, within the meaning.of the act. The effect of, the majority holding is to say that one engaged in farming operations is engaged in a hazardous business if a motor vehicle is used in connection therewith. Under such holding every farmer, whether truck farmer, small cotton farmer, strawberry farmer, cane farmer, etc., must carry workmen’s compensation insurance to protect himself from liability for injuries to his employees. I do not think it was ever the intention of the Legislature of this state in adopting the statute that its provisions should apply to one engaged in these businesses merely because a motor vehicle is *859 operated in connection therewith or incidentally thereto'.
I think the judgment of the Court of Appeal is correct and should be affirmed.
See 42 So.2d 913.
I respectfully dissent.